IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JASON T. GATLIN,

    Plaintiff,

    v.                                                    No. CV 09-0906 LH/CEG

COUNTY OF BERNALILLO
METRO DETENTION CTR. RON TORRES--CHIEF,
CORRECTIONAL MEDICAL SVC.
DR. WILLIAM SHANNON DIR.,
CANTEEN CORPORATION,

    Defendants.

AMENDED MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), on Plaintiff's civil rights complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. Also before the Court is Plaintiff's Motion For Order (Doc. 4), which asks that Defendants be required to provide him writing materials at no cost and allow him to conduct legal research. The motion will be denied at this time, and for the reasons below, certain of Plaintiff's claims will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough

facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Plaintiff sustained a serious injury to his ear during an assault. He asserts that he did not receive adequate medical treatment, resulting in hearing loss, pain, and disfigurement. Plaintiff also alleges that the detention facility is overcrowded, and inmates are not properly fed and are continually insulted and demeaned by staff. He contends that Defendants' actions have violated his constitutional protections. The complaint seeks damages and equitable relief.

In Plaintiff's claim of inadequate medical treatment, the only Defendant that he identifies is Dr. William Shannon, director of medical care. No allegations affirmatively link the other named Defendants to this violation. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a complaint under § 1983, Plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). The Court will dismiss this claim against the other Defendants. Furthermore, Plaintiff's allegations of improper diet, insulting staff behavior, and overcrowding do not support constitutional claims. *See, e.g., Martinez v. Villano*, No. 00-1070, 2000 WL 1234841, at \*\*1 (10th Cir. Aug. 31, 2000) (affirming dismissal of "claims list[ing] a litany of challenges to the conditions of [plaintiff's] confinement"). The Court will dismiss these claims.

IT IS THEREFORE ORDERED that Plaintiff's Motion For Order (Doc. 4) is DENIED at this time;

IT IS FURTHER ORDERED that Plaintiff's claims against Defendants County of Bernalillo,

Torres, and Correctional Medical Services for inadequate medical treatment are DISMISSED with prejudice;

IT IS FURTHER ORDERED that Plaintiff's claims of overcrowding, inadequate diet, and insulting behavior by staff are DISMISSED with prejudice;

IT IS FURTHER ORDERED that Defendants County of Bernalillo, Torres, Correctional Medical Services, and Canteen Corporation are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Shannon.

_____
SENIOR UNITED STATES DISTRICT JUDGE